# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:                                    : CHAPTER 7
                                          :
UPTOWN PARTNERS, LP                       : Case No. 1:23-bk-00988-HWV
                    DEBTOR                 :
                                          : Adv. Case No. 24-ap-51

## STIPULATION

**AND NOW,** The City of Harrisburg (the "City") and the Harrisburg

Redevelopment Authority (the "Authority"), by and through their undersigned

counsel, and Uptown Partners, LP (the "Debtor"), by and through their

undersigned counsel, hereby stipulate and agree as follows:

(1)     the Debtor's Motion for a 2004 Exam at docket number 163 is

withdrawn and discontinued,

(2)     the Debtor's adversary proceeding docketed at adversary case number

24-ap-51 is dismissed with prejudice;

(3)     The City is granted whatever relief is necessary, if any, from the

automatic stay under 11 U.S.C. § 362, to continue exercising its police power, as

necessary to resolve emergency or exigent circumstances, at the Debtor's property

known as Governor's Square.  Prior to filing any new Citations for non-exigent

code violations, the City of Harrisburg shall provide email notice of any future

non-exigent code violations, including law cutting and trash issues, to the

following parties:

(a)     Robert E. Chernicoff at rec@cclawpc.com

(b)     Peter Siegel at peter@landex.org

(c)     Yasmin Diaz at ydiaz@winnco.com

The Debtor, or any other party, will have three business (3) days from the date of such electronic notice to cure such violations.  If no cure occurs within three (3) business days, the City may file a Citation for non-exigent alleged violations.  The City reserves all applicable police powers notwithstanding any notice requirement and right to cure hereunder.

(4)     The City is granted relief from the automatic stay under 11 U.S.C. § 362 to seek the appointment of a receiver in the Court of Common Pleas of Dauphin County, Pennsylvania.  The City must file its petition for the appointment of a state court receiver within 30 days from the date of entry of an order approving this stipulation.  The stay relief ordered hereunder applies to any Chapter 7 trustee appointed in this case and any and all actions by the future state court receiver (ex. hiring a property management company).  All other provisions of the automatic stay shall remain in full force and effect.

Once a state court receiver is appointed by a court of competent jurisdiction to assume operations of the Debtor, the City of Harrisburg will no longer file citations against the Debtor for code violations.  However, nothing shall affect any obligations of the Debtor for any and all code violations issued prior to the

appointment of a state court receiver.

5)    the Motion to Dismiss the Debtor's Chapter 11 case is granted in part and the Debtor shall take all appropriate steps to convert its case to a Chapter 7 case.

6)    The Debtor and any Chapter 7 trustee shall retain all available rights and remedies notwithstanding this order, including the right to sell the Debtor's property with the prior consent and approval of the United States Department of Housing and Urban Development or abandon the Debtor's property.

7)    The court retains jurisdiction to enforce the terms of this Stipulated Order.

 s/ *Robert E. Chernicoff*
Robert E. Chernicoff, Esquire
Cunningham, Chernicoff &
Warshawsky, P.C.
2320 North Second Street
Harrisburg, PA  17110
717 238 6570
rec@cclawpc.com

Counsel to the Debtor

    s/ *Clayton W. Davidson*
Clayton W. Davidson, Esquire
McNees Wallace & Nurick LLC
100 Pine Street, PO Box 1166
Harrisburg, PA 17108-1166
(717) 232-8000
cdavidson@mcneeslaw.com

Counsel to the City of Harrisburg